LELAND *v*. WHITAKER.

## Joshua G. Leland, Administrator, etc., v. Isaac M. Whitaker and another.

*Securities taken by husband in his own name for money of wife belong, after her death, to her administrator.* A defendant, who was the husband of the decedent in her lifetime, cannot defend against a bill brought by the administrator of such decedent, to compel him to assign and deliver over to such administrator, certain securities which were given for money loaned belonging to said decedent in her lifetime, but which were taken in the name of said husband in the absence of, and without the knowledge or consent of, said decedent, merely upon the ground that said decedent, in her lifetime, had taken no steps to procure an assignment to herself of said securities, but had suffered them to stand in his name, and that thereby they became the property of said husband..

*Heard July 10. Decided July 12.*

Appeal in Chancery from Washtenaw Circuit.

The bill in this case is filed by complainant as administrator of the estate of Amanda Whitaker, deceased, against Isaac M. Whitaker and Edward L. Boyden, claiming that two mortgages and the securities accompanying them for one thousand dollars each and interest—one dated February 1, 1866, executed by Samuel O. Tubbs, to the defendant, Isaac M. Whitaker, and the other dated March 21, 1866, executed by A. F. Burden, to said Amanda Whitaker—were the property of said Amanda Whitaker at the time of her death, and, therefore, belong to complainant as administrator of her estate, but are claimed by the said Isaac M. Whitaker to be his property, and one of them (the first described) he refused to assign and deliver to said complainant, but assigned the same to the defendant Boyden, who received such assignment thereof with full knowledge that the same belonged to said estate.

The defendants answer separately; defendant Whitaker admitting that the said mortgages were both given to secure money loaned, and that the money so loaned was inherited by said Amanda from her father's estate, but claiming that the money or the mortgages were given by said Amanda,

in her lifetime, to him, said Isaac M. Whitaker, her hus-band, and belonged to him at the time of her death; defendant Boyden claiming that he received the assign-ment of said first described mortgage in good faith and for a full consideration, and without notice that the same was claimed as the property of said estate of Amanda Whitaker, deceased. Proofs were taken at some length on both sides.

The circuit judge filed a written opinion holding that, " without going into a review of the proofs in detail, it will be sufficient to say that the pleadings and proofs fully sustain the claim made by the bill that the money, two thousand dollars, loaned, and to secure which, the mortgages were given, was the property of said Amanda Whitaker. The mortgage from Tubbs was taken running to said Isaac M. Whitaker, by his direction, in her absence, and, so far as appears, without her knowledge or consent (the testi-mony of said Isaac M. Whitaker being rejected); and although she afterwards allowed it to remain so, yet it was treated and spoken of by her as well as her husband as her property. He could not make the security his property by so taking it in his own name.

" I cannot find from the pleadings and proofs that either the money or the mortgages were given by the said Amanda Whitaker in her lifetime, to said defendant, Isaac M. Whitaker, or that she otherwise parted with the same. The evidence shows the contrary, very clearly, and it is sufficiently proven that the defendant, Boyden, at the time and before he received the assignment and transfer of said first described mortgage, was fully informed of the fact that the same was claimed to be the property of the estate of said Amanda Whitaker, deceased.

" A decree should therefore be made declaring that both of the said mortgages, and the securities accompanying them, belong. to, and are the property of, such estate, and

directing the defendant, Boyden, to assign, transfer and deliver the said mortgage, so assigned by said Isaac M. Whitaker to him, under the direction of a circuit court commissioner, to the said complainant as such administrator, and that the complainant recover from the defendants his costs to be taxed."

A decree was made accordingly and the defendants appealed.

*N. W. Cheever* and *E. Lawrence*, for complainant.

*John N. Gott* and *C. A. Stacy*, for defendants.

THE COURT held that the opinion of the circuit judge, printed in the record, was correct, and adopted the same as the opinion of this court. The decree below affirmed with costs.